**JACKSON LEWIS P.C.**
Stephanie J. Peet, Esquire (PA 91744)
Daniel L. Blanchard (PA 311479)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802 / F: (215) 399-2249
stephanie.peet@jacksonlewis.com
daniel.blanchard@Jacksonlewis.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH SANNUTTI<br>and<br>JOHN HOLAHAN<br>and<br>BRADLEY GALE,<br>               Plaintiffs,<br>   v.<br><br>W.B. MASON CO., INC.<br>and<br>LEO MEEHAN, *individually*<br>and<br>CHRIS MEEHAN, *individually*<br>and<br>STEVE GREENE, *individually*<br>and<br>ROGER AHLFELD, *individually*,<br><br>               Defendants. | <u>**NOTICE OF REMOVAL**</u><br><br>Docket No.: _____ |

Defendants W.B. Mason Co., Inc. ("W.B. Mason"), 59 Centre Street, Brockton, MA 02301, Leo Meehan, 354 Jerusalem Rd., Cohasset, MA 02025, Chris Meehan, 845 East 4th St, Unit 2, South Boston, MA 02127, Steve Greene, 53 Wedgewood Drive, North Easton, MA 02356, and Roger Ahlfeld, 7 Fairway Lane, Pembroke, MA 02359, (collectively, the "Defendants"), by and through their attorneys of record, Jackson Lewis P.C., hereby remove the action captioned *Joseph Sannutti and John Holahan and Bradley Gale v. W.B. Mason Co., Inc. and Leo Meehan, individually, and Chris Meehan, individually, and Steve Greene, individually, and Roger Ahlfeld, individually*, filed by

Plaintiffs Joseph Sannutti ("Sannutti"), 2001 Hamilton Street, #704, Philadelphia, PA, 19130, John Holahan ("Holahan"), 742 N. 19th Street, Unit 5, Philadelphia, PA 19130, and Bradley Gale ("Gale"), 2617 E. Hager Street, Philadelphia, PA 19125, (collectively "Plaintiffs"), bearing Docket Number 210402313 and currently pending in the Court of Common Pleas, Philadelphia County (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446.  The grounds for removal are as follows:

1.      On April 23, 2021, Plaintiffs commenced the State Court Action by filing a Complaint seeking damages allegedly resulting from violations of the Pennsylvania Wage Payment and Collection Law ("WPCL") and for breach of contract, common law fraud and unjust enrichment arising out of W.B. Mason's purported failure to pay earned commissions to them individually and to a class of similarly situated individuals.

2.      On April 27, 2021, Plaintiffs' counsel provided  a copy of the Complaint to Defendants' counsel via e-mail.  Defendants accepted service of the Complaint on April 28, 2021.  A true and correct copy of Defendants' Acceptance of Service is annexed hereto at Exhibit "A".

3.      To date, Defendants have not filed their response to the Complaint, which is currently due – by agreement with Plaintiffs' counsel – to be filed on or before June 27, 2021.

4.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are annexed hereto.  A true and accurate copy of the Complaint is annexed hereto as Exhibit "B".  These documents constitute all "processes, pleadings and orders" served upon Defendants in the State Court Action to date.

5.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed, *i.e.*, within thirty (30) days after service of the Complaint on April 28, 2021.

6.      Defendants are entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.

7.      As set forth in the Complaint, Sannutti, Holahan, and Gale are all residents of the State of Pennsylvania.  (Comp. ¶¶ 4-6).

8.      Conversely, all of the Defendants are residents of the Commonwealth of Massachusetts.  Specifically, W.B. Mason is incorporated and has its principal place of business in Massachusetts, *see* 28 U.S.C. § 1332(c)(1), and the individual Defendants all reside in Massachusetts. Plaintiffs clearly acknowledge this status, as they allege in the Complaint that W.B. Mason "and all 4 individual defendants to this lawsuit are headquartered and operating from 59 Centre Street, Brockton, Massachusetts 02301." (Comp. ¶ 13).

9.      Accordingly, there is complete diversity of citizenship between Plaintiffs (all of whom are residents of Pennsylvania) and Defendants (all of whom are residents of Massachusetts).

10.     As noted above, the Complaint asserts claims for the purported failure to pay earned commissions under the WPCL, as well as for breach of contract, common law fraud and unjust enrichment arising out of a purported failure to pay earned commissions.  (Comp. ¶¶ 75-86).

11.     While Plaintiffs do not assert a specific amount of damages in the Complaint, it is clear that the claims at issue (for each of the Plaintiffs individually) satisfy the amount in controversy requirement as described below. *See Ciancaglione v. Sutherlin*, 2004 U.S. Dist. LEXIS 18589, at *3 (E.D.Pa. September 13, 2015) ("When, as here, the parties are citizens of different states, this Court has diversity jurisdiction if the amount in controversy exceeds $75,000.").

12.     In the Complaint, Plaintiffs assert that they were subjected to "wage theft, fraud, and the intentional failure to pay earned commissions…*during the 3-year lookback period from lawsuit filing*". (Comp. ¶ 24) (emphasis in original). Thus, Plaintiffs are seeking damages dating to April

- 3 -

2018. Moreover, in connection with these claims, Plaintiffs assert that they are also entitled to "liquidated damages, attorney's fees, interest, costs, and other applicable damages." (Comp. ¶ 72).

13.    Plaintiffs do not attempt to identify every single instance of W.B. Mason's purported failure to pay earned commissions in the Complaint. However, Plaintiffs provide three "illustrations" for the purpose of purportedly demonstrating "what transpires monthly." (Comp. ¶ 31). Indeed, Plaintiffs later asset in the Complaint that "[t]here are **numerous** other forms of unlawful commission practices which are also uniform" beyond the illustrations. (Comp. ¶ 46) (emphasis in original).

14.    One of these illustrations, described in Paragraphs 39 and 40 of the Complaint, relates to a purported unlawful practice during the Spring and Summer of 2020. Notably, in connection with this purported practice alone, Plaintiffs assert that certain W.B. Mason employees with the same job title as Plaintiffs "were reduced in commissions individually by well in excess of $20,000 *just in that short timeframe*." (Comp.¶ 40) (emphasis in original). Given that, at the very least, Plaintiffs assert that Holahan (who was employed during this time period) is entitled to this amount, this allegation effectively asserts that Holahan *alone* (as Sannutti and Gale allege they were not employed during the Spring and Summer of 2020) is *individually* asserting a claim "well in excess of" $20,000 arising out of this one claimed pay practice for a "short timeframe" as this is but one of a series of alleged unlawful wage practices perpetrated by Defendants "on a monthly basis throughout [Plaintiffs] employment with Defendants." (Comp. ¶ 35)

15.    Inasmuch as Holahan is individually asserting claims "well in excess of" $20,000, exclusive of attorney's fees, *solely* for the period of Spring and Summer 2020, it is clear that the amount in controversy for his individual claims alone, dating all the way back to April 2018, exceeds $75,000.

16.    Moreover, Plaintiffs' here seek reasonable attorneys' fees and "in calculating the amount in controversy, [a Court] must consider potential attorney's fees." *Suber v. Chrysler Corp.*,

- 4 -

104 F.3d 578, 585 (3d Cir. 1997). For purposes of determining the amount of attorney's fees relative to the amount in controversy, courts in this district have determined that the "median in the Third Circuit is roughly thirty percent (30%)" of the asserted damages and applied that rate. *Mazzucco v. Kraft Foods Global, Inc.*, 2011 U.S. Dist. LEXIS 150217, at *31 (D.N.J. Nov. 23, 2011).

17.    Thus, based *solely* on the claim arising in Spring and Summer 2020, for which Holahan seeks *a minimum* of $20,000 in damages (including liquidated damages), he is *also* seeking approximately $6,000 in attorney's fees (at a minimum). Accordingly, a reasonable assessment of the amount in controversy *solely* for the purported unlawful practices alleged to have occurred in the Spring and Summer 2020 for *one* of the three Plaintiffs amounts to *at least* $26,000. This figure does not include, the "**[m]ore drastic** (and less surreptitious) retroactive changes to commissions of Plaintiffs" which allegedly occurred during all three Plaintiffs' employment. (Comp. ¶ 43) (emphasis in original). And Plaintiffs further allege that "[a]ll actions occurred continually, monthly, and pervasively (all times of the year)." (Comp. at fn 10). In other words, Plaintiffs allege that they each suffered "more drastic" damages during their period of employment than Holahan was purportedly damaged in a matter of months during the Spring and Summer 2020, and thus their purported collective damages for all of the alleged unlawful practices described in the Complaint certainly exceeds $75,000.

18.    Thus, Plaintiffs cannot credibly dispute that the amount in controversy for their individual claims dating back to April 2018 is more than $75,000.

19.    Accordingly, this action is one over which the United States District Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is diversity of citizenship among all parties in the State Court Action and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4850-1597-0024.2

20.      The Court of Common Pleas, Philadelphia County is located within the district of the United States District Court for the Eastern District of Pennsylvania.  As such, venue is proper because the State Court Action lies within the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

21.      Venue is also proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions alleged in the Complaint occurred within that judicial district.

22.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the State Court Action is currently pending.

23.      This Notice of Removal is filed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

24.      Defendants reserve all defenses currently available to them, including but not limited to, those under Rule 12(b) of the Federal Rules of Civil Procedure and do not waive said defenses by the filing of the instant Notice of Removal.

4850-1597-0024.2

**WHEREFORE**, based on the foregoing, Defendants hereby remove the State Court Action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: May 27, 2021

**JACKSON LEWIS, P.C.**

*/s/ Stephanie J. Peet*
Stephanie J. Peet (PA 91744)
Daniel L. Blanchard (PA 311479)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802 / F: (215) 399-2249
stephanie.peet@jacksonlewis.com
daniel.blanchard@jacksonlewis.com
*Attorneys for Defendants*

4827-0614-0139, v. 1

4850-1597-0024.2

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH SANNUTTI
and
JOHN HOLAHAN
and
BRADLEY GALE,

Docket No.: _____

                   Plaintiffs,

     v.

W.B. MASON CO., INC.
and
LEO MEEHAN, *individually*
and
CHRIS MEEHAN, *individually*
and
STEVE GREENE, *individually*
and
ROGER AHLFELD, *individually*,

                  Defendants.

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of Defendants' Notice of Removal, Civil Cover Sheet, Corporate Disclosure Statement, Notice of Appearance of Stephanie J. Peet, Notice of Appearance of Daniel L. Blanchard, and this Certificate of Service were served upon Plaintiffs' counsel of record at the following address via electronic and overnight mail this 27th day of May, 2021:

Ari R. Karpf, Esq.
Julia W. Clark, Esq.
Karpf, Karpf & Cerutti, P.C.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, Pennsylvania 19020
akarpf@karpf-law.com
jclark@karpf-law.com
*Attorneys for Plaintiffs*

**JACKSON LEWIS, P.C.**

*/s/ Stephanie J. Peet*
Stephanie J. Peet (PA 91744)
Daniel L. Blanchard (PA 311479)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802 / F: (215) 399-2249
stephanie.peet@jacksonlewis.com
daniel.blanchard@jacksonlewis.com
*Attorneys for Defendants*

4823-2708-0172, v. 1

4850-1597-0024.2